**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TONY B. JOHNSON,                                                           PETITIONER
ADC # 068273,

v.                                        5:12CV00395-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                         RESPONDENT

## ORDER

Mr. Johnson was convicted of attempted capitol murder on April 15, 2008, in the Pulaski

County Circuit Court.  (Doc. No. 2 at 1.)  He was sentenced to life in prison in addition to a fifteen-

year enhancement for using a firearm.  (*Id.*)  Mr. Johnson appealed his conviction to the Arkansas

Supreme Court, which affirmed his conviction on January 9, 2009.  (*Id.* at 2.)  Mr. Johnson then filed

a Rule 37 petition with the Pulaski County Circuit Court on March 9, 2009.  (*Id.*)  The circuit court

has not issued a judgement on the merits of Mr. Johnson's petition. (*Id.*)  In 2010, Mr. Johnson

petitioned the Arkansas Supreme Court for a writ of mandamus which was denied because it was

improperly filed.  (Doc. No. 5-5.)

Mr. Johnson filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2), arguing that

his Rule 37 petition was lost by the Pulaski County Circuit Court, and therefore, he must resort to

federal habeas relief.  (*Id*. at 10.)  In his Petition he alleges that he is imprisoned in violation of his

constitutional rights because he had ineffective assistance of counsel, he was denied his right be free

from involuntarily self-incrimination, and his sentence amounts to cruel and unusual punishment.

(*Id*. at 2.)

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance

of his or her federal habeas claims to the appropriate state courts.  *Murphy v. King*, 652 F.3d 845,

1

848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  The fair-presentment requirement exists to allow the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).

Mr. Johnson's Rule 37 petition has never been addressed.  If the state court refuses to rule on the petition, this Court is inclined to appoint counsel for Petitioner and proceed with an evidentiary hearing.  However, before scheduling an evidentiary hearing, the Court will allow Respondent thirty (30) days to determine if a ruling on the Rule 37 petition is forthcoming.  If Respondent discovers any pertinent information regarding the Rule 37 petition, he should notify the Court forthwith.

IT IS SO ORDERED this 8th day of February, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE