IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TONY B. JOHNSON                                                                                   PETITIONER
ADC #068273

v.                                          5:12CV00395-JLH-JJV

WENDY KELLEY,[1] Director,
Arkansas Department of Correction                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named Ray Hobbs as Respondent. Mr. Hobbs retired on October 31, 2014. Wendy Kelley was appointed Director on January 13, 2015. Pursuant to Federal Rule Civil Procedure 25(d), Ms. Kelley is automatically substituted as Respondent in place of Mr. Hobbs.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

On April 14, 2008, a Pulaski County jury convicted Petitioner, Tony Johnson, of attempted capital murder with a firearm enhancement. (Doc. No. 5-1.) The jury sentenced him to life imprisonment plus fifteen years. (*Id.*) Mr. Johnson appealed and the Arkansas Supreme Court affirmed, reciting these facts:

> On April 27, 2007, Mary Rose, who at the time was married to Johnson, went to see an attorney about obtaining a divorce from him. Later that day, Mary Rose received a call from Johnson, inquiring of her whereabouts. Mary Rose told Johnson that she had just left her attorney's office, to which he responded that he hoped "it wasn't what [he thought] it was about." Mary Rose told him that there was no other reason for her to see an attorney, and the call soon terminated.

> Upon arriving home approximately fifteen to twenty minutes later, Mary Rose changed clothes and began walking on her treadmill, which was located in the garage of her home. While walking, she looked up to see Johnson standing in the doorway, and Johnson told her that they needed to talk, "God Damn it!" Mary Rose then asked for ten minutes to finish walking. Johnson repeated his statement, then walked over to the wall, and unplugged a cd player to which Mary Rose had been listening.

> At that time, Mary Rose told Johnson to plug the cd player back in and to give her

ten minutes. After asking three times, Johnson did plug the player back in and turned, as if he was leaving. Mary Rose then heard a loud noise, felt a burning, and began to hold her stomach. After that, Mary Rose fell to her knees on the treadmill, which was still going. Johnson told Mary Rose that she had "throwed [him] away God Damn it!," and she responded that no one did so and asked Johnson to call 911.

Mary Rose began to crawl toward the door, when Johnson looked at her and said, "bitch, don't make another move, just lay there and die! ... I ought to shoot you in the head." She again asked him to call 911 four different times, which he finally did. After emergency crews and the police arrived, Johnson was arrested. While Johnson was initially charged with criminal attempt to commit murder in the first degree and possession of a firearm by certain persons, the prosecutor later filed an amended information, charging Johnson with criminal attempt to commit capital murder and possession of a firearm by certain persons.

*Johnson v. State*, 375 Ark. 462, 462-63 (2009).

Mr. Johnson filed a Rule 37 petition with the Pulaski County Circuit Court in March 2009. (Doc. No. 5-3.) The trial court held a hearing on the petition on March 26, 2013. (Doc. No. 26-8.) The trial court denied the petition from the bench and entered a written order on March 27, 2013. (Doc. No. 11-1.) Although Mr. Johnson filed a notice of appeal with the Arkansas Supreme Court, he failed to timely lodge the record so the Clerk declined to lodge the appeal. (Doc. No. 16 at 16.)

On October 16, 2012, while the Rule 37 petition was pending before the trial court, Mr. Johnson filed the current Petition for Writ of Habeas Corpus. (Doc. No. 2.) After Mr. Johnson attempted to appeal his Rule 37 petition, this Court administratively closed the case on October 22, 2013. (Doc. No. 15.) On May 25, 2016, Mr. Johnson requested the Court reopen this case (Doc. No. 16), and on June 9, 2016, that request was granted. (Doc. No. 19.) I gave the parties time to file supplemental briefs, and Respondent complied, arguing Mr. Johnson's claims are conclusory, meritless, and procedurally defaulted. (Doc. No. 26.) Because Mr. Johnson had not provided any facts to support his Petition, I gave him another opportunity to supplement his Petition. (Doc. No. 27.) Mr. Johnson complied (Doc. No. 28), and this case is now ripe for decision.

## II.   ANALYSIS

In his original Petition, Mr. Johnson alleged four grounds under which he is being held unconstitutionally: (1) ineffective assistance of counsel; (2) malicious prosecution; (3) illegal prosecution and sentence; and (4) violation of ex post facto laws. (Doc. No. 2.) In his Supplemental Petition, he abandons all claims except ineffective assistance of counsel. (Doc. No. 28.) He argues, *inter alia,* that his counsel was ineffective for: (1) failing to investigate his case; (2) failing to call witnesses on his behalf; and (3) failing to raise a defense of involuntary intoxication. (*Id*.)

Mr. Johnson raised each of these claims and more in his Rule 37 petition. (Doc. No. 5-3.) After the trial court denied the petition, Mr. Johnson filed a Notice of Appeal. (Doc. No. 16.) He failed to tender the appellate record within the ninety-day requisite time period so the Arkansas Supreme Court Clerk declined to lodge the appeal. (*Id.* at 7.) The clerk informed Mr. Johnson that the record would only be tendered if the Arkansas Supreme Court granted a motion for rule on clerk. (*Id.*) Mr. Johnson filed a motion for rule on clerk but failed to file an affidavit of indigency. (*Id.* at 18.) The clerk notified Mr. Johnson that an affidavit was necessary "with the pleading." (*Id.*) Mr. Johnson then filed the affidavit but failed to file the motion for rule on clerk. To date, Mr. Johnson never filed the motion along with the necessary financial affidavit. (*Id.* at 10.) Instead of attempting to file the rule on clerk again, Mr. Johnson abandoned his state appeal and asked this Court to reopen his case. (*Id.*) Because the Arkansas Supreme Court was never allowed an opportunity to rule upon Mr. Johnson's constitutional claims, I find Mr. Johnson did not exhaust his state remedies, making his Petition procedurally defaulted.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. 2254(b). Before seeking federal habeas

4

review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

A federal district court may only review procedurally defaulted petitions if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. at 316 (1995)).

Mr. Johnson states that his notice of appeal was timely filed, but "the clerk used [his]

inability to pay $213.50 as a tactic to not timely forward the records . . ." (Doc. No. 28 at 4.)  He also argues that Respondent has ". . . set up unusual and unconstitutional impediments. . ." denying review by the Arkansas Supreme Court, Respondent files "papers on the back pages to conceal they were filed," and he was not given a fair trial. (*Id.*)  He claims he has "documentary evidence[2]" to prove what he says, but is "afraid to let them out of [his] sight . . ." (*Id.* at 6.)  However, without this documentary evidence I cannot provide relief to Mr. Johnson.  He misinterprets Arkansas procedure as the Respondent impeding his access to the state courts.  The Arkansas Supreme Court Clerk provided Mr. Johnson with specific instructions on how to have his motion heard.  Mr. Johnson failed to follow these instructions and instead, asked this Court to reopen his case and circumvent the state court.  Mr. Johnson's inability to follow Arkansas procedure does not demonstrate cause for his default.  Furthermore, he makes no argument of actual innocence, making his Petition procedurally defaulted.  Therefore, it must be dismissed.

Mr. Johnson raised ineffective assistance of counsel in his Rule 37 petition and a hearing was held on the petition.  Therefore, the Supreme Court's holding in *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012) does not apply.  However, if I assumed *Martinez* applied, I would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Johnson had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Johnson had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal.  *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct. 1911 (2013).  Here, Mr. Johnson's claim fails on the first prong of the analysis.  I carefully reviewed the

---

[2]Petitioner may file any documentary evidence with his objections to this recommended disposition.

trial transcript and Rule 37 hearing transcript and find the claims of ineffective assistance of counsel are far from reaching the level of "substantial."

**III.   CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).  Mr. Johnson's claims are clearly procedurally defaulted.  Therefore, no certificate of appealability should be issued.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED; and

2.     A certificate of appealability be DENIED.

DATED this 28th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE